```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| LENWORTH PARKE,<br><br>           Petitioner,<br><br>     v.<br><br>MARK KIRBY,<br><br>           Respondent. | HONORABLE JEROME B. SIMANDLE<br><br>   Civil Action<br>  No. 16-2479 (JBS)<br><br>         **OPINION** |

APPEARANCES:

Lenworth Parke, Petitioner Pro Se
# 04432-052
FCI Fairton
P.O. Box 420
Fairton, New Jersey 08320

**SIMANDLE, Chief Judge:**

    This matter comes before the Court on Lenworth Parke's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petition, Docket Entry 1.

    1. Petitioner is a convicted and sentenced federal prisoner presently incarcerated at FCI Fairton, New Jersey. A jury in the Northern District of New York found Petitioner and his co-defendants guilty of "various charges stemming from the drug-related killing of an undercover police officer, deputized as a federal agent, that took place in Syracuse on October 30,

1990." *United States v. Thomas*, 34 F.3d 44, 45 (2d Cir. 1994).[1] The sentencing court gave Petitioner a life sentence. *Id.* at 47.

    2. Petitioner's convictions and sentence were affirmed by the Second Circuit on direct appeal. *Id.*; Petition ¶ 7. He filed a motion under 28 U.S.C. § 2255, but was not granted relief; the Second Circuit summarily affirmed. *Parke v. United States*, 25 F. App'x 72 (2d Cir. 2002). "After unsuccessfully seeking relief pursuant to Federal Rule of Civil Procedure 60(b), Parke filed three applications with the Second Circuit for permission to file a second or successive § 2255 motion, all of which were denied." *Parke v. Kirby*, 441 F. App'x 64, 65 (3d Cir. 2011) (citing *Parke v. United States*, No. 97–526, 2006 WL 3051775, at *1 (N.D.N.Y. Oct. 20, 2006)).

    3. In September 2010, Petitioner thereafter filed a petition pursuant to 28 U.S.C. § 2241 before this Court. *Parke v. Kirby*, No. 10-4673, 2011 WL 1546588 (D.N.J. Apr. 20, 2011). This Court dismissed the petition for lack of jurisdiction, and the Third Circuit affirmed the dismissal on appeal. *Parke*, 441 F. App'x 64.

    4. On May 2, 2016, Petitioner filed another petition under § 2241 in this Court. He now argues that he is actually

---

[1] "[A] court may take judicial notice of a prior judicial opinion." *McTernan v. City of York*, 577 F.3d 521, 525 (3d Cir. 2009).

2

innocent of the aggravated factors used by the sentencing court to enhance his sentence under 21 U.S.C. § 841(a)(1) due to the Supreme Court's decision in *Burrage v. United States*, 134 S. Ct. 881 (2014) (holding a defendant cannot be liable under the penalty enhancement provision of Controlled Substance Act applicable when death or serious bodily injury results from use of the distributed substance unless a jury determines such use is a but-for cause of the death or injury).

    5.   Petitioner brings this Petition for a Writ of Habeas Corpus as a pro se litigant. The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Attorney Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (Sept. 19, 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

    6.   Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that Petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).

    7.   "A § 2255 motion is the presumptive means by which a federal prisoner can collaterally attack the validity of his

conviction or sentence. A federal prisoner may challenge the validity of his conviction or sentence via a § 2241 petition only if he establishes that a § 2255 motion would be 'inadequate or ineffective.'" *Upshaw v. Warden Lewisburg USP*, 634 F. App'x 357, 358 (3d Cir.) (quoting 28 U.S.C. § 2255(e)), *cert. denied sub nom Upshaw v. Ebbert*, No. 15-9375, 2016 WL 2928201 (U.S. June 27, 2016). *See also Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002).

8. To date, the Third Circuit has only applied the § 2255(e) exception "where the conduct that forms the basis for the conviction has since been deemed non-criminal by an intervening Supreme Court decision that was unavailable on appeal or during § 2255 proceedings." *Upshaw*, 634 F. App'x at 358 (citing *In re Dorsainvil*, 119 F.3d 245, 251–52 (3d Cir. 1997)).

9. Petitioner argues that § 2255 is inadequate or ineffective to pursue his claim as Second Circuit precedent precluded his argument at the time of his sentencing, direct appeal, and first motion under § 2255. Petition ¶ 10(c). He further argues "*Burrage* is a judicial construction interpretation of [an] existing statute, so it [is] not governed by retroactivity." *Id.*

10. "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation or

4

procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). "Section 2255 is not inadequate or ineffective merely because the sentencing court has previously denied relief, or because a petitioner is unable to meet AEDPA's stringent gatekeeping requirements for filing a second or successive § 2255 motion." *Upshaw,* 634 F. App'x at 359 (citing *Dorsainvil*, 119 F.3d at 251).

11.   Petitioner does not argue his conduct has been subsequently rendered non-criminal by the Supreme Court. Instead he argues that he is "actually innocent" of a sentencing enhancement. The *Dorsainvil* exception does not apply to such a claim. See *Selby v. Scism*, 453 F. Appx. 266, 268 (3d Cir. 2011) (per curiam) ("Selby does not argue that he is innocent of the offense for which he was convicted; he argues that he is 'innocent' of a sentencing enhancement because of an intervening change in law. Accordingly, the exception described in *In re Dorsainvil* does not apply.").

12.   Moreover, as the Third Circuit recently noted, *Burrage* is an extension of the *Apprendi*[2] and *Alleyne*[3] decisions. *Upshaw,* 634 F. App'x at 359 (citing *Burrage v. United States*, 134 S. Ct.

---

[2] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).
[3] *Alleyne v. United States*, 133 S. Ct. 2151 (2013).

5

881, 887 (2014)). Just as *Apprendi* or *Alleyne* arguments may not be brought under § 2241, Petitioner may not bring a *Burrage* claim under that statute. *Id.*

13.  Petitioner also asserts "[t]he sentence imposed on Count 4 and 5 exceeds the Statutory Maximum term of 20 years. The imposition of 5 years supervised release was in excess of the Maximum term authorized." Petition ¶ 13. This is an argument that could have been raised either on direct appeal or in Petitioner's first § 2255 motion. This Court therefore lacks jurisdiction over the petition under § 2241.

14.  Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631.

15.  In this case, the Court does not find it in the interests of justice to transfer this habeas petition to the Second Circuit as it does not appear Petitioner can meet the requirements for filing a second or successive § 2255 motion as set forth in § 2255(h). However, this Court's decision to not transfer this case does not prevent Petitioner from seeking leave from the Second Circuit, *see* 28 U.S.C. § 2244(a), should he elect to do so.

6

An appropriate order follows dismissing this Petition.

| | |
|---|---|
| **July 12, 2016** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE<br>Chief U.S. District Judge |