```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| LENWORTH PARKE,<br><br>        Petitioner,<br><br>    v.<br><br>MARK KIRBY,<br><br>        Respondent. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-2479 (JBS)<br><br>**OPINION** |

APPEARANCES:

Lenworth Parke, Petitioner Pro Se
# 04432-052
FCI Fairton
P.O. Box 420
Fairton, New Jersey 08320

**SIMANDLE, Chief Judge:**

    On July 12, 2016, this Court dismissed Lenworth Parke's petition for a writ of habeas corpus under 28 U.S.C. § 2241 for lack of jurisdiction. Docket Entry 3. Petitioner now moves for reconsideration of that order. Motion for Reconsideration, Docket Entry 4. For the reasons expressed below, the motion is denied.

    1.   Petitioner is a convicted and sentenced federal prisoner presently incarcerated at FCI Fairton, New Jersey. A jury in the Northern District of New York found Petitioner and his co-defendants guilty of "various charges stemming from the drug-related killing of an undercover police officer, deputized

as a federal agent, that took place in Syracuse on October 30, 1990." *United States v. Thomas*, 34 F.3d 44, 45 (2d Cir. 1994).[1] The sentencing court gave Petitioner a life sentence. *Id.* at 47.

    2.   Petitioner's convictions and sentence were affirmed by the Second Circuit on direct appeal, Petition ¶ 7, and he was later denied relief under 28 U.S.C. § 2255. *Parke v. United States*, 25 F. App'x 72 (2d Cir. 2002). Fourteen years later, on May 2, 2016, Petitioner filed a petition under 28 U.S.C. § 2241 in this Court.

    3.   He asserted § 2255 was ineffective or inadequate to challenge his sentence prior to this petition as the Supreme Court had not decided *Burrage v. United States*, 134 S. Ct. 881 (2014), at the time of his direct appeal or § 2255 motion. *Id.* ¶ 10(c). He further argued "*Burrage* is a judicial construction interpretation of [an] existing statute, so it [is] not governed by retroactivity. Petitioner is entitled to benefit from interpretation to challenging his actually innocent [sic] under 2241 motion." *Id.*

    4.   After conducting its initial review of the § 2255 petition, this Court dismissed the petition for lack of jurisdiction. Order, Docket Entry 3. It declined to transfer the

---

[1] "[A] court may take judicial notice of a prior judicial opinion." *McTernan v. City of York*, 577 F.3d 521, 525 (3d Cir. 2009).

2

petition to the Second Circuit as it did not appear Petitioner could meet the requirements to file a second or successive § 2255 motion. Memorandum Opinion, Docket Entry 2 ¶ 15. Petitioner now moves for reconsideration of that Order.

    5.   "A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Johnson v. Diamond State Port Corp.*, 50 F. App'x 554, 560 (3d Cir. 2002) (citing *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

    6.   Petitioner argues this Court misconstrued his petition "when the Court stated that, petitioner's argue [sic] that he was actually innocent of only the sentencing. Petitioner's prime argument in his initial petition [was] that he was actually innocent of [his] conviction and sentence . . . ." Motion for Reconsideration at 2-3.

    7.   Ground One of the petition asserted: "Parke argued [sic] that he is actually innocent of the aggravated factors which the court used to enhance his statutory minimum in violation of 21 U.S.C. 841(a)(1) in counts (1), (4), and (5) . . . . [The] drug amount was not presented to the Jury as element of the offense to proven beyond a reasonable doubt." Petition ¶ 13.

3

Ground Two argued that the imposition of a 5-year term of supervised release on top of the statutory maximum term of 20 years was an illegal sentence. *Id.*

8. Petitioner asked the Court to vacate his sentence and remand the case "for resentencing to statutory minimum in violation of 841(a)(1), according the Supreme Court's interpretation of the Federal Sentencing statute of the anti-drug act of 1986. That I be resentenced so that the Supervised Release can be removed . . . because it exceeds the Statutory Maximum." *Id.* ¶ 15.

9. It is clear from the face of the petition that Petitioner was not asserting he was actually innocent of the crimes of which he had been convicted: murder of a federal law enforcement officer, conspiracy to distribute cocaine, possession with intent to distribute cocaine, and use of a firearm in a drug trafficking crime. Rather, the plain face of the petition indicates Petitioner was arguing that the sentence imposed was unconstitutional because the judge rather than the jury determined the amount of cocaine.

10. Furthermore, Petitioner misstates the holding in *Burrage* in arguing that the case held "the government was required to indict petitioner for drug quantity if they wished to prosecute him for drug crime under 841(a)(1)." Motion for Reconsideration at 6. *Burrage* actually held that § 841's "death

4

results" enhancement, which applies in cases in which "death or serious bodily injury results from the use" of a controlled substance distributed by defendant, was an element that needed to be submitted to a jury. *Burrage v. United States*, 134 S. Ct. 881, 885 (2014) (citing 21 U.S.C. § 841(a)(1), (b)(1)(A)-(C)). It did not concern the quantity of drugs. Moreover, the law enforcement officer with whose death Petitioner was charged did not die from using cocaine distributed by Petitioner and his co-defendants; he was shot during a "buy-bust." *United States v. Thomas*, 34 F.3d 44, 45 (2d Cir. 1994). Thus, *Burrage*'s applicability to the instant case is questionable.

    11.  Even if *Burrage* did apply to Petitioner's convictions and sentence, the Court still would not have jurisdiction over the matter. As the Third Circuit recently confirmed in a precedential opinion, *Burrage* is an extension of the *Apprendi*[2] and *Alleyne*[3] decisions. *Gardner v. Warden Lewisburg USP*, No. 14-3902, 2017 WL 33552 (3d Cir. Jan. 4, 2017) (precedential). "In *Alleyne*, the Supreme Court mirrored its opinion in *Apprendi*, and held that '[a]ny fact that, by law, increases the [mandatory minimum] penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt.'

---

[2] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).
[3] *Alleyne v. United States*, 133 S. Ct. 2151 (2013).

*Burrage* confirmed this rule by applying it to a specific penalty enhancement." *Id.* at *1 (alterations in original).

12. *Gardner* held that *Alleyne* claims may not be brought in a § 2241 petition.[4] As *Burrage* is an application of *Alleyne*, it follows that *Burrage* claims may not be brought via § 2241 either. Petitioner's arguments that the jury did not find all elements of an offense beyond a reasonable doubt must be raised in a § 2255 motion before the original sentencing court.

13. The motion for reconsideration is denied.

14. An appropriate order follows.

**March 13, 2017**            **s/ Jerome B. Simandle**
Date                                  JEROME B. SIMANDLE
                                         Chief U.S. District Judge

---

[4] Petitioner's reliance on *Ragland v. United States*, 756 F.3d 597 (8th Cir. 2014), is misplaced as defendant's *Burrage* claim in that case was raised in a § 2255 motion.